UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER LYNN GRAHAM, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CASE NO. 14-cv-05666 JRC <br><br> ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 12, 16, 17).

After considering and reviewing the record, the Court concludes that the ALJ did not err in failing to discuss the opinion evidence of examining psychiatrist Dr. Jennifer Irwin, M.D. because the ALJ explicitly stated that she gave Dr. Irwin's opinion great

weight. Further, the ALJ's finding at step two regarding plaintiff's mental impairments was supported by substantial evidence, and any errors in the ALJ's findings regarding plaintiff's asthma and insomnia at step two are harmless as plaintiff has not demonstrated that she suffered any limitations from these two conditions.  Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, JENNIFER LYNNE GRAHAM, was born in 1968 and was 42 years old on the alleged date of disability onset of June 1, 2011 (*see* AR. 189-97, 198-203). Plaintiff graduated from high school and received a CNA certificate from a vocational school (AR. 53). She last worked as a Certified Nursing Assistant but quit when she moved and when she returned, she could not get rehired (AR. 54).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease of the lumbar spine with facet osteoarthritis at L4-5/L5-S1; disc bulge at L3-4/L4-5/L5-S1; and mild scoliosis (20 CFR 404.1520(c) and 416.920(c))" (AR. 27).

At the time of the hearing, plaintiff was living in an RV with her boyfriend and 23-year-old son (AR. 52).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 81-92, 93-104, 107-19, 120-32). Plaintiff's requested

hearing was held before Administrative Law Judge Cynthia D. Rosa ("the ALJ") on February 22, 2013 (*see* AR. 47-78). On March 15, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 22-46).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the Commissioner err in failing to properly evaluate the opinion evidence with regard to the opinion of Dr. Jennifer Irwin, M.D.; (2) Did the Commissioner err in failing to properly determine plaintiff's severe impairments with regards to her mental health, asthma and insomnia; and (3) Did the Commissioner err in determining plaintiff's residual functional capacity (*see* Opening Brief, Dkt. 12, p. 2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Did the Commissioner err in failing to properly evaluate the opinion evidence with regard to the opinion of Dr. Jennifer Irwin, M.D.?**

Plaintiff contends that the ALJ erred by failing to discuss the weight given to the opinion of examining psychiatrist Dr. Jennifer Irwin, M.D. (*see* Opening Brief, Dkt. 12). With regard to Dr. Irwin's opinion, the ALJ stated the following:

> The undersigned has reviewed the psychological opinion evidence of record. Dr. Irwin opined that the claimant can perform simple and complex tasks; accept instructions; interact with others; perform activities on a consistent basis without special instruction; maintain regular attendance; deal with the usual stress of a workplace with minimal limitation; and complete a normal workday/workweek with minimal to moderate impairment from her psychiatric condition. Ex. 8F/4-5. Dr. Irwin opined that the claimant's global assessment of functioning (GAF) score was 75, which indicates transient symptoms that are an expectable reaction to stressors. Ex. 8F/4. Because Dr. Irwin examined the claimant, is an expert in psychiatry, and her opinion is consistent with the evidence of record, the undersigned gives it great weight.

(AR. 29). The ALJ also discussed Dr. Irwin's clinical report and findings (AR. 29). As the ALJ explicitly stated the weight given to Dr. Irwin's opinion and the reasons for giving her opinion "great weight", plaintiff's argument is unpersuasive.

In plaintiff's reply, plaintiff appears to restate her argument, contending that the ALJ erred in not including any greater limitations into plaintiff's residual functional capacity ("RFC") as a result of Dr. Irwin's opinion that plaintiff suffered from mild to moderate limitation in her ability to complete a normal workday and workweek without interruptions (*see* Reply Brief, Dkt. 17). However, defendant persuasively argues that no further restriction need to be included in plaintiff's RFC with respect to this opinion in light of the fact that Dr. Irwin specifically opined that plaintiff is capable of performing simple and repetitive, as well as detailed and complex, work activities on a consistent basis without special instruction; is capable of accepting instructions from supervisors and interacting with coworkers and the public; and is capable of maintaining regular attendance in the workplace (*see* Response, Dkt. 16, p. 7; *see also* AR. 525-26).

ORDER ON PLAINTIFF'S COMPLAINT - 4

(2) **Did the Commissioner err in failing to properly determine plaintiff's severe impairments with regards to her mental health, asthma and insomnia?**

Plaintiff argues that the ALJ erred in her step-two analysis by failing to find plaintiff's anxiety and depression are severe impairments, and for failing to consider plaintiff's asthma and insomnia (*see* Opening Brief, Dkt. 12). Plaintiff points to the opinion of Dr. Irwin in support of her anxiety and depression, and references a few record cites that identify plaintiff's chronic problems of asthma and insomnia (*id.* at p. 7). Defendant maintains that the ALJ properly considered plaintiff's mental impairments, including depression and anxiety, and found them to be nonsevere, and maintains that the ALJ's failure to discuss plaintiff's asthma and insomnia is, at most, harmless error as plaintiff has failed to establish any functional limitations resulting from these alleged severe impairments (*see* Response, Dkt. 16, pp. 8-10).

Step two of the administration's evaluation process requires the ALJ to determine whether or not the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling "SSR" 85-28)).

a. Mental impairments of depression and anxiety

Plaintiff argues that the ALJ erred by failing to find that plaintiff's depression and anxiety caused a severe limitation when Dr. Irwin opined that plaintiff is minimally to moderately impaired in her ability to complete a normal workday/workweek without interruption from a psychiatric condition (*see* Opening Brief, Dkt. 12; *see* AR. 525).

In her written opinion, the ALJ found that plaintiff's "medically determinable impairments of anxiety, depression, opioid dependence, and anxiolytic dependence, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are, therefore, non-severe." (AR. 28). Following the regulations, *see, e.g.,* 20 C.F.R. § 404.1520a(a), the ALJ outlined the medical evidence, and concluded that plaintiff had no limitations in her activities of daily living and social functioning, and that plaintiff had no episodes of decompensation which have been of extended duration (AR. 30). The ALJ found that plaintiff had mild limitations in the area of concentration, persistence, and pace (*id.*). The ALJ determined that plaintiff's medically determinable mental impairments caused no more than a "mild" limitation in any of the first three functional areas and no episodes of decompensation of an extended period of time, and thus, plaintiff's mental impairments were "nonsevere" (AR. 31).

Based on a review of the record, the Court concludes that the ALJ's findings regarding plaintiff's mental impairments are supported by substantial evidence in the record. Dr. Irwin diagnosed plaintiff with adjustment disorder with depressed mood, panic disorder without agoraphobia, opioid dependence, and anxiolytic dependence (AR.

525). Dr. Irwin found that plaintiff's problems are treatable and "could improve in the next 12 months with treatment and compliance" (AR. 525). Plaintiff's Global Assessment of Functioning ("GAF") score was assessed at 75, which indicates no more than slight impairment in social, occupational, or school functioning (*id.*); *see Werle v. Astrue*, 633 F.Supp.2d 857, 882 n.15 (D.Ariz 2009) ("With a GAF Score between 71-80, '[i]f symptoms are present, they are transient and expectable reactions to psychosocial stressors . . . [resulting in] no more than slight impairment in social, occupational, or school functioning . . ." (quoting Diagnostic and Statistical Manual of Mental Disorders, p. 32 (4th ed.) ("DSM-IV")).

In her functional assessment, Dr. Irwin opined that plaintiff was capable of (1) managing her own funds; (2) performing simple and repetitive tasks, as well as detailed and complex tasks; (3) accepting instructions from supervisors, and interacting with coworkers and the public; (4) performing activities on a consistent basis without special or additional instruction; (5) maintaining regular attendance in the workplace; and (6) dealing with the usual stress encountered in the workplace (AR. 225-26). Dr. Irwin found that plaintiff was minimally to moderately impaired in her ability to complete a normal workday/workweek without interruption from a psychiatric condition (AR. 526).

Examining psychiatrist Dr. Shawn Kenderdine, M.D., opined that plaintiff had "none" to "mild" limitations in all functional areas (the Court notes that Dr. Kenderdine checked both "none" and "severe" in maintaining appropriate behavior in the work setting, but stated that plaintiff "appears capable of tolerating normal work-related stressors"; thus, it does not appear he intentionally checked "severe") (AR. 317-18). Dr.

ORDER ON PLAINTIFF'S COMPLAINT - 7

Kenderdine found plaintiff had no significant psychiatric impairment (AR. 318). State agency psychological consultants Dr. Leslie Postovoit, Ph.D. and Dr. Thomas Clifford, Ph.D. reviewed the medical evidence and opined that plaintiff had no limitations in her activities of daily living and social functioning, and plaintiff had no episodes of decompensation which have been of extended duration (AR. 87, 113). The doctors, however, found plaintiff had mild limitations in maintaining concentration, persistence or pace (*id.*). Drs. Postovoit and Clifford both found that Dr. Irwin opined that plaintiff had no work-related limitations due to her psychological symptoms, and the psychological consultants found this consistent with the medical records (AR. 87, 114).

At the hearing before the ALJ, plaintiff testified that her depression is "all over with" (AR. 63). Plaintiff does not think that she was depressed, and stated that she saw a "psych doctor" for her depression who said plaintiff "passed with flying colors" (AR. 64). Plaintiff testified that her anxiety was a result of worrying about her 23-year-old son (*id.*).

It is not the job of the court to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan, supra,* 169 F.3d at 599, 601). The ALJ may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)).

Plaintiff does not contend that the ALJ incorrectly relied on the opinions of Drs. Postovoit and Clifford, who interpreted Dr. Irwin's report to contain no functional limitations (*see* Opening Brief, Dkt. 12; AR. 87, 114). Based on the record as a whole, it is reasonable for the ALJ to interpret Dr. Irwin's opinion as finding that plaintiff's mental impairments have no more than a minimal effect on her ability to work. Contrary to plaintiff's argument, a "moderate" impairment in one area is not inconsistent with the ALJ's finding that plaintiff did not have a severe mental impairment that significantly limited her ability to work. Accordingly, the ALJ's interpretation of Dr. Irwin's report is proper. *See Koehler v. Astrue*, 283 F. App'x. 443, 445 (9th Cir. 2008) (unpublished opinion) (finding the ALJ did not err when he found the claimant's mental impairment was "nonsevere" when a doctor opined that the claimant suffered from a moderate mental impairment because "[t]he regulatory scheme—specifically, 20 C.F.R. § 404.1520a—does not mandate that the diagnosis of a "moderate" degree of limitation in one's ability to respond to changes in the workplace setting must be found to be a 'sever[e]' mental impairment"); *Walton v. Astrue*, 2009 U.S. Dist. LEXIS 43119, *19-20, 2009 WL 605235 (C.D. Cal. Mar. 5, 2009) (unpublished opinion) (finding the ALJ did not implicitly reject the opinion of a doctor when the doctor opined that the claimant was moderately impaired in one area, but not significantly impaired in other areas, and the ALJ properly determined that the claimant did not have an independently severe mental impairment).

The Court concludes that the ALJ's finding regarding plaintiff's mental impairments of depression and anxiety is supported by substantial evidence in the record

as a whole. Based on the record as a whole, the Court also concludes that the ALJ adequately discussed plaintiff's alleged mental impairments and appropriately found that plaintiff suffered no more than a minimal effect on her ability to work as a result of these impairments. Plaintiff has failed to demonstrate that these impairments are severe.

      b.  Asthma and insomnia

Plaintiff argues that the ALJ erred in failing to consider plaintiff's asthma and insomnia when determining her severe limitations, but cites only to medical records listing these two conditions as chronic problems to support her position (*see* Opening Brief, Dkt. 12). The record references that plaintiff has chronic problems and/or a past medical history of asthma and insomnia (AR. 595, 597, 599, 764). A diagnosis alone does not establish that plaintiff's asthma or insomnia has more than a minimal effect on her ability to work. Plaintiff offers no reply to defendant's argument that plaintiff has failed to demonstrate any harm in the ALJ's failure to acknowledge plaintiff's asthma or insomnia and does not reply to defendant's argument that plaintiff identified no functional limitations associated with these conditions (*see* Response, Dkt. 16; Reply Brief, Dkt. 17).

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error

is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

For the above stated reasons and based on the relevant record, the Court concludes that the ALJ should have mentioned plaintiff's asthma and insomnia, as it appears both were diagnosed impairments, but the error is harmless as it is "inconsequential to the ultimate nondisability determination.'" *See Molina*, *supra*, 674 F.3d at 1115 (*quoting Carmickle*, *supra*, 533 F.3d at 1162).

(3) **Did the Commissioner err in determining plaintiff's residual functional capacity?**

Plaintiff also argues that the ALJ erred in determining plaintiff's residual functional capacity ("RFC") because the ALJ failed to consider plaintiff's asthma, insomnia, and mental health impairments as severe (*see* Opening Brief, Dkt. 12). Plaintiff's remaining challenge depends on her previous arguments, which the Court has concluded are without merit. *See supra*, sections 1a., b. Therefore, there is no reason to reverse this matter based on the ALJ's RFC.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

1     **JUDGMENT** should be for **defendant** and the case should be closed.

2     Dated this 2nd day of February, 2015.

4                                                   *[signature]*

5                           J. Richard Creatura
                            United States Magistrate Judge